**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**ROBBIN L. BYRD,**

    **Plaintiff,**

v.                                             **CIVIL ACTION NO.:**

**EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, ROBBIN L. BYRD ("Plaintiff"), by counsel, and for her Complaint against Defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. ("Defendant") of the City of Suffolk, Virginia, states as follows:

## NATURE OF THE CLAIMS

This is an action for declaratory relief, compensatory damages, and other appropriate relief, legal and equitable brought by Plaintiff to redress Defendant's unlawful employment practices of racial and sexual discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. as amended, (Supp. II. 1991)("Title VII"), as well as Defendant's violations of the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101, et seq. (the "ADA").

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §2000e *et seq.* because this action involves federal questions regarding the deprivation of Plaintiff's rights pursuant to federal civil rights laws.

1

2. Venue is proper in the Norfolk Division of the Eastern District of Virginia pursuant to 42 U.S.C. §2000e-(5)(f)(3) because the unlawful employment practices occurred in the City of Suffolk, Virginia which is located in this division and district. Furthermore, the relevant employment records are believed to be maintained and administered in the City of Suffolk, Virginia which is located within this division and district. Finally, pursuant to 28 U.S.C. § 1391(b), Defendant is located within this division and district.

## PARTIES

3. Plaintiff, a member of a protected class, is an African-American female citizen of the United States of America and at all times relevant to this cause of action was a resident of Suffolk, Virginia and an employee of Defendant.

4. Defendant, at all times relevant to this cause of action, has been organized and existing under the laws of the State of Washington, and qualified to do business in the Eastern District of Virginia.

5. Defendant is an "employer" within the meaning of sections 701(b), 703(a) and 704(a) of Title VII in that it employed more than the requisite number of persons for duration under Title VII and engaged in practices prohibited by Title VII.

## PROCEDURAL REQUIREMENTS

6. Plaintiff filed a timely administrative charge against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and received her Notice of Right to Sue within ninety (90) days of filing this action. A copy of the Charge and Notice of Right to Sue is attached hereto collectively as Exhibit 1.

7. Plaintiff has exhausted all administrative remedies prior to filing suit.

## FACTS COMMON TO ALL COUNTS

8. In or about October of 2019, Defendant hired Plaintiff to work as a Distribution Lead on the second shift in the Defendant's facility located at 1006 Centerpoint Drive, Suffolk, Virginia.

9. Defendant directed Plaintiff to report to Brett Balog ("Mr. Balog").

10. Mr. Balog mistreated Plaintiff and her mostly African-American coworkers by regularly using racially and sexually discriminatory language towards them.

11. For example, Mr. Balog repeatedly called Plaintiff "nappy head", "black ass" and "black bitch."

12. Plaintiff endured and bore the brunt of Mr. Balog's behavior on a near daily basis.

13. Plaintiff conferred with coworkers as to whether to address Mr. Balog's behavior with his supervisor, Dennis Shaw ("Mr. Shaw").

14. Taeshawn Freeman and Ray Massenburg, Plaintiff's coworkers, advised Plaintiff that Mr. Shaw was required to leave his prior employer due to how he interacted with African-American coworkers, and thus Mr. Shaw would not be helpful in addressing Mr. Balog's illegal workplace actions.

15. In or about December of 2019, Plaintiff reported Mr. Balog's behavior to David Reed, Distribution Manager.

16. In or about January of 2020, Plaintiff reported Mr. Balog's behavior to Tara Miante ("Ms. Miante"), Human Resources Manager.

17. In or about February of 2020, Plaintiff reported Mr. Balog's behavior to Joy Massenburg ("Ms. Massenburg"), a manager employed by Defendant.

18. Ms. Massenburg advised Plaintiff she would inform Mike Malooly, ("Mr. Malooly"),

Defendant's District Manager of Mr. Balog's behavior.

19. Mr. Malooly called Plaintiff and advised he would visit her in the next two weeks to discuss Mr. Balog's behavior.

20. Shortly thereafter, one of Defendant's employees at Plaintiff's location reported he was exposed to COVID.

21. This caused a large number of Defendant's Suffolk employees to panic as this occurred at the very beginning of the pandemic.

22. Mr. Balog's response to the COVID exposure was that the reporting employee was a "lying Black motherfucker."

23. Many of Defendant's employees at the Suffolk location left because Defendant did not have appropriate sanitation or COVID safety protocols in place.

24. Afterwards, Mr. Malooly spoke with Plaintiff but did not address Mr. Balog's actions; rather, he only wished to talk about the employees' response to the reported COVID exposure.

25. In April of 2020, Plaintiff advised Ms. Miante that she was suffering physical symptoms as a result of Mr. Balog's treatment.

26. The symptomology was manifesting via irritable bowel syndrome and intense anxiety, chronic stress and nervousness.

27. Ms. Miante agreed that Plaintiff should take one week off to address the chronic anxiety and stress which was a direct result of Mr. Balog's actions.

28. Ms. Miante advised that during that week, she would explore whether Plaintiff could move her shift.

29. When Plaintiff returned, Ms. Miante advised that Mr. Balog had been "talked to."

4

30. However, Mr. Balog continued to treat his African-American and female employees improperly.

31. In May of 2020, Plaintiff met with Ms. Miante and Ian Savereux, Distribution Manager ("Mr. Savereux"), to yet again report Defendant's failure to address Mr. Balog's actions.

32. Mr. Savereux initially responded by advising that Defendant had a large legal team at its disposal to deal with problematic employees.

33. Plaintiff interpreted Mr. Savereux's statement as a threat based upon her consistent reporting of Mr. Balog's behavior.

34. In June of 2020, Plaintiff requested a shift change again but was denied.

35. In June of 2020, Plaintiff met with Ms. Miante yet again in an effort to address Mr. Balog's behavior.

36. In June of 2020, an independent contractor, Markia Stancil, reported Mr. Balog's behavior to Ms. Miante.

37. On July 3, 2020, Plaintiff arrived for her shift and observed that Mr. Balog's vehicle was not in the parking lot.

38. Plaintiff then observed Mr. Balog parked across the street at a gas station.

39. Ms. Miante informed Plaintiff that she had spoken with Mr. Balog earlier that day regarding his behavior but did not have an explanation as to why he was not parked in his usual location.

40. Plaintiff again requested that she be allowed to work on a different shift but was denied.

41. Plaintiff requested to go home due to her chronic anxiety but she was denied.

## **COUNT I – RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII**

42. Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1 - 41, as if set forth fully herein.

43. Plaintiff is a member of a protected group, Female.

44. Plaintiff is member of a protected group, African-American.

45. Plaintiff was qualified for her position with Defendant.

46. Plaintiff endured repeated discrimination, harassment and mistreatment from Defendant due to her race and reported such discrimination.

47. Defendant was well aware of the fact that Plaintiff endured repeated harassment and mistreatment from Defendant because of her race and sex, but took no action to address or correct the situation.

48. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination on the basis of race.

49. Plaintiff's reaction to the harassment affected tangible aspects of her terms, conditions, privileges, and compensation of employment.

50. Defendant is liable for the unlawful employment practices against Plaintiff because Defendant knew or should have known about Mr. Balog's misconduct and did not take remedial measures.

51. As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of

self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of damages.

## COUNT II – HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

52. Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1 - 51, as if set forth fully herein.

53. Mr. Balog's conduct was unwelcome.

54. Mr. Balog's conduct was based upon Plaintiff's race and sex.

55. Mr. Balog's conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment.

56. Mr. Balog's s conduct is imputable to Defendant.

57. As a direct and proximate result of the establishment of a hostile work environment being allowed to foster in violation of Title VII, Plaintiff has suffered, and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of damages.

## COUNT III - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

58. Plaintiff repeats, realleges, and repleads all allegations set forth in paragraphs 1 through 57 in this count as though the same were fully and specifically set forth in detail.

59. Plaintiff suffers from an impairment, chronic anxiety, which was exacerbated by Mr. Balog's conduct.

60. Plaintiff's impairment is a disability within the meaning of the ADA, as she has an impairment that substantially limits one or more major life activities

61. Plaintiff was qualified to perform the job of Distribution Lead and had performed the essential functions of the position with or without reasonable accommodations and without issue.

62. Defendant was aware of Plaintiff's disability.

63. Providing Plaintiff an accommodation such as a shift change was reasonable.

64. Defendant failed to provide this reasonable accommodation of allowing time off.

65. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer from injury and damages including embarrassment, inconvenience, humiliation, pain, suffering, loss of income, litigation expense and attorney's fees, medical expenses, consequential damages, and other injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court enter judgment for Plaintiff and against Defendant, and order the following relief:

    A.    An Order directing Defendant to pay Plaintiff all Backpay owed to her with prejudment and postjudgment interest;

    B.    An Order directing Defendant to pay Defendant all Frontpay owed to her with prejudgment and postjudgment interest;

    C.    A Permanent Injunction prohibiting Defendant from engaging in Discriminatory Employment Practices;

    D.    An Order directing Defendant to pay Plaintiff's Attorney's Fees;

    E.    An Order directing Defendant to pay Plaintiff Consequential and Compensatory Damages for non-pecuniary losses, including but not limited to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to

character and reputation, plus postjudgment interest.

    F.    An Order directing Defendant to pay Plaintiff Punitive Damages for Defendant's reckless indifference to Plaintiff's federally protected rights, plus postjudgment interest.

    G.    An Order directing Defendant to pay Plaintiff her costs and expenses incurred by bringing this action; and

    H.    Such other relief to Plaintiff as the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

                            Respectfully submitted,

                            ROBBIN L. BYRD

                            By:_____/s_____
                                  Counsel

Gregory William Klein, Esquire
Virginia State Bar No. 73110
Attorney for Robbin L. Byrd
KLEIN, ROWELL & SHALL, PLLC
3500 Virginia Beach Blvd., Ste 110
Virginia Beach, VA 23452
Phone: 757-432-2500
Fax:    757-432-2100
greg@krslaw.com